### ANDY LEE V. THE STATE.

#### No. 2597.   Decided February 11, 1903.

**1.—Murder—Indictment—Deadly Weapon, etc.**

An indictment for the murder of a child, by striking it with a leather belt, is sufficient although it does not allege that the leather belt was a deadly weapon, or that death was calculated to result from the use of the same, or that the striking was done in a cruel, brutal, inhuman or unmerciful manner.

**2.—Impeachment of Witnesses—Supporting Them.**

Where defendant has impeached the State's witnesses by proof of their statements contradictory of their testimony on the trial, it is permissible to prove by the county attorney that said witnesses had testified before the grand jury substantially as they did at the trial, and to permit him to repeat their testimony given before the grand jury.

**3.—Murder of Child with a Leather Belt—Charge.**

The fact that the indictment for the murder of a child by striking it with a leather belt did not allege that the belt was a deadly weapon, or that it became such from the manner of its use, did not render a charge erroneous which instructed the jury to find defendant guilty of murder in the second degree if he did, as charged in the indictment, of his malice aforethought, strike and kill deceased with a leather belt, being a deadly weapon, etc., in a sudden passion, without adequate cause.

**4.—Same—Charge as to Neglect and Improper Treatment.**

On a trial for murder, where there was no evidence of death from neglect, or improper treatment, after the wounds were inflicted, it was error for the court to charge upon that issue.

**5.—Charge—Undue Prominence by Repetition.**

A charge of court upon a particular issue should not be given undue prominence by repetition.

**6.—Murder—Charge.**

On a trial for the murder of a child, by striking it with a leather belt, where the court submitted article 653, Penal Code, as to a failure of defendant to call aid in preserving the life of the child after the injury was inflicted, it was error to fail to submit, in connection therewith, articles 717 and 720, Penal Code, with reference to the character of and presumption arising from the use of such an instrument; and the court, in connection with said articles 717 and 720, should have charged upon manslaughter and aggravated assault.

Appeal from the District Court of Navarro.   Tried below before Hon. L. B. Cobb.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Ballew & Wheeler,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty years.

Tibbie Golloway testified: That she and her husband were living in the same house with appellant and his wife. That defendant had a baby, eight or ten months old, named Mary Lee. "One day we came home for dinner from the cotton patch, and the baby was crying." Defendant asked, "What is the matter with the baby?" Witness replied, "Well, you know that it has been sick." He then said, "It ain't sick, either, and I'll be damned if I do not stop its crying." "He then took off a leather belt that he wore—the belt was about as wide as my three fingers, and had a buckle on one end—and hit the baby two or three licks with the belt. At this time the baby was in the arms of defendant's little girl, about six or eight years old. She ran with the baby from the kitchen to the bedroom. Defendant followed her into the bedroom, and told her to put the baby on the bed. He then struck the baby with his right hand on the side of its head, knocking it over, and its head hit against the footboard of the bed. While the baby was lying on its back, with its stomach up, defendant struck it on the stomach, with the belt doubled, three or four times, just as hard as he could. When he did this, the baby ceased crying, and began to tremble and quiver." Witness' husband said, "Andy, you have killed it." Defendant replied, "I don't give a damn. I will kill the whole lot." Defendant then walked away, and did not do anything to relieve or resuscitate the child. Witness' husband began to fan the baby, and after a while it came to again, but it never cried any more or took any more nourishment from that time until its death. Before it died its stomach was badly swollen, and defendant and his wife got some cotton leaves and put on its stomach. They never called in a physician to see the child. Defendant whipped the baby with a belt on Monday at noon, and it died Wednesday morning about 8 o'clock. This occurred in Navarro County on the 5th day of August, 1902. Andy Galloway testified to substantially the same facts as his wife, Tibbie Galloway. This is practically all of the evidence for the State.

The charging part of the indictment is as follows: That Andy Lee "* * * did then and there unlawfully with his malice aforethought, kill Mary Lee by beating and striking the said Mary Lee with a leather belt, contrary to the forms of the statute in such cases made and provided," etc. Appellant insists that the indictment is defective because the same does not allege that the leather belt was a deadly weapon, or that death was calculated to result from the use of the same, and it was not alleged therein that the striking was done in a cruel, brutal, inhuman or unmerciful manner. This is not necessary. In our opinion the indictment is good.

The first bill of exceptions is substantially as follows: L. A. Johnson was permitted, over defendant's objection, to testify: "I was county attorney when Andy Galloway testified before the grand jury, and also when Tibbie Galloway testified before the grand jury. Their statements were as follows: 'That Andy Lee came to the house at about 12 m., and the baby was crying, and he asked what was the matter with it, and his wife said it was sick. Andy said it was not, but that he would fix it. He took off his belt and whipped the baby in the east room, and then the little girl took it in the west room and laid it on the bed, and then Andy struck it five or six times on the stomach with the belt doubled, and then slapped it over, and its head hit a very hard blow against the footboard of the bed.'" Appellant objected to this testimony because it was introduced to build up and give strength to the testimony of Andy and Tibbie Galloway; because hearsay, and not made in the presence of defendant; that it was not in rebuttal; that the same was irrelevant and immaterial, and that it did not tend to corroborate; that the same was not legal evidence. The court appends the following qualification to the bill: "The defendant had introduced two witnesses who testified that the State's witnesses Galloway had made to them out of court, and since the indictment, statements flatly variant from and contradictory to their testimony on the trial." In view of the explanation of the trial court, we believe the testimony was admissible. White's Ann. Code Crim. Proc., sec. 1119, subsec. 4.

Appellant insists that the charge of the court is wrong, in paragraph 2 and clause 11, to the effect that, if the jury believed beyond a reasonable doubt that "defendant, Andy Lee, as charged in the indictment, with malice aforethought, with a leather belt, being a deadly weapon, or weapon well calculated and likely to produce death by the manner in which it was used, in a sudden transport of passion, aroused without adequate cause, with intent to kill, did strike with the leather belt, and thereby kill Mary Lee, as charged in the indictment, you will find him guilty of murder in the second degree," etc. This charge is applicable to the facts in this case. The fact that there is no allegation in the indictment that the belt was a deadly weapon, or that it became such from the manner of its use, or not, did not render the charge erroneous.

Appellant insists that the court erred in the following portion of its charge, wherein it is stated that, if the child died from neglect or improper treatment at the hands of defendant after the alleged wounds were inflicted, and death resulted therefrom, defendant would be guilty of homicide. We do not find any evidence in this record to support such a charge, and the same should not have been given. Taylor v. State, 41 Texas Crim. Rep., 148.

We do not think the court erred in charging on that phase of the case wherein he told the jury, "And if the person inflicting the injury which makes it necessary to call aid in preserving the life of the person injured shall willfully fail or neglect to call such aid, he shall be deemed equally guilty as if the injury were one which would inevitably lead to death."

However, as suggested by appellant, this charge should not be given undue prominence by repetition.

The fifth ground of appellant's motion for new trial is that the court erred in the sixth paragraph of the charge, submitting article 653, Penal Code, without also submitting articles 717, 720, Penal Code, as it left the jury no option, when they found defendant guilty, except to find him guilty of one of the degrees of murder. The court only charged the jury on murder in the first and second degrees. We think this assignment is well taken. This question was passed upon by us in Taylor v. State, 41 Texas Crim. Rep., 148, where the matter is fully discussed. And see, also, Honeywell v. State, 40 Texas Crim. Rep., 199; Griffin v. State, 40 Texas Crim. Rep., 315; Shaw v. State, 34 Texas Crim. Rep., 435; Johnson v. State, 42 Texas Crim. Rep., 377; Danforth v. State, ante, p. 105. We think the court should have charged on manslaughter, by reason of the peculiar phraseology of the last cited articles of the code, and should have also charged on aggravated assault. If defendant made the assault without any apparent intention to kill, with a weapon not reasonably calculated to effect that purpose, then he would not be guilty of any higher grade of offense than aggravated assault; defendant being an adult male, and the victim a child. The court did not err in charging on the different degrees of murder.

For the reasons pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*