B. J. STEPHENS v. THE STATE.

No. 8022.   Decided April 9, 1924.

Rehearing denied October 15, 1924.

1—Manufacturing Intoxicating Liquor—Evidence—Sustaining Witness.

An attack on the veracity of a witness by proof of a statement contradictory to his testimony as given on the trial, can be met by proof that witness made same statement before grand jury as that testified to on trial. Either side may support its witnesses when attacked by proof of statements contradictory of evidence given on trial by introducing statements therefore given by such witnesses in consonance with their testimony as given. See sec. 181, Branch Annotated P. C.

2.—Same—Evidence—Animus of Witness.

The animus of witness against appellant, or others involved in the same transaction may be shown, but not his feeling or animus against parties other than those involved in the same transaction.  Animus of sister of witness toward parties not connected with transaction are not admissible.

3.—Same—New Trial—Newly Discovered Evidence.

Where newly discovered evidence is set out in a motion for a new trial, same will not be considered if by due diligence appellant could have secured such evidence on the trial.

4.—Same—Evidence—Impeaching Testimony.

The rule is well settled that new trials will not be granted for testimony merely impeaching.

ON MOTION FOR REHEARING.

5.—Same—Variance Between Numbers on Indictment. ·

Where change of venue is granted a variance between the number of the cause as docketed in the district court where indictment is returned, and the number of case as shown by order of transfer, should be presented in the court below, and comes too late when presented for first time on appeal.

Appeal from District Court of Jones County.  Tried below before the Hon. W. R. Chapman, Judge. ·

Appeal from a conviction of manufacturing intoxicating liquor and punishment fixed at one year in the penitentiary. ·

*Stinson, Coombes & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Jones County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The State introduced two witnesses, Noah and Boyd Lairemore, and both swore that they had seen appellant making whisky.  The defense introduced Mr. Waddell, who said he was a member of the grand jury which returned the indictment herein.  His testimony was confused and confusing.  He said he remembered two Lairemore boys being before the grand jury, and that one of the boys said he saw appellant making whisky and the other swore that he did not see same.  Boyd Lairemore was brought before this witness in the presence of the jury, and he said that was not the boy who testified that he did not know anything about appellant making whisky.  Witness was shown a written statement signed by Noah and sworn to and subscribed before the foreman of the grand jury.  He then stated that he got the Lairemore boys mixed but it was his recollection that "he" said he did not see them making whisky.  The "he" referred to seems

to clearly indicate Noah. The defense thus attacked the veracity of Noah by proof of a statement contradictory to his testimony as given on this trial. In its rebuttal testimony the State placed on the stand the district attorney who identified a written statement made by Noah Lairemore before the grand jury and said written statement was then introduced in evidence and was in accord with the testimony of Noah as given on the witness stand herein. We think the matter referable to the rule allowing either side to support its witnesses who have been attacked by proof of statements at variance with their testimony as given, by introducing statements theretofore made by such witnesses in consonance with their testimony as given. Mr. Branch cites many cases in Sec. 181 of his Annotated P. C. in point. Lee v. State, 44 Texas Crim. Rep., 462; Burch v. State, 49 Tex. Crim. Rep., 17, and Pitts v. State, 60 Tex. Crim. Rep., 524, are exactly in line with the proposition under discussion.

There is but one other bill of exceptions and it sets forth that Noah Lairemore was asked on cross-examination if he did not know that his sister had filed seventeen complaints against men and women in Fisher county. This was offered for the purpose of showing the animus of Noah Lairemore against one Hughey, who appears to be accused of connection with the illegal liquor transaction forming the basis of this prosecution. In sustaining the State's objection to the above question the learned trial judge told counsel for appellant that he might ask any question with regard to the complaints made by the witness' sister against appellant or either of the Hughey brothers. This seems to us as far as the questions might go. The real inquiry would be as to the feeling or animus of the witness against the appellant, but as affecting this his animus against others involved in the same transaction might be shown, but even if he was willing to admit that he had animus against parties other than those involved in the transaction, this could not be shown, and certainly the showing of feeling on the part of his sister against persons other than those connected with the transaction would have no place in this record.

Appellant asked a new trial for newly discovered evidence. He set out an affidavit of a Mr. Knox stating in effect that he was a member of the grand jury which returned this indictment, and that he would have testified, if called, substantially as did Mr. Waddell. The law requires diligence on the part of parties to procure testimony. If the defense knew of the Waddell testimony, we can see no reason or excuse for not investigating further by seeing other members of the grand jury and ascertaining whether or not they would testify in consonance with the testimony of Mr. Waddell. The attack made on the testimony of the Lairemore boys by attaching stenographic excerpts from their testimony as given on the trial of one of the related cases, could go no further than to affect their credibility by showing some contradictions in the testimony. The effect of this would be only as

impeaching to whatever extent it might go. The rule seems to be well settled that new trials will not be granted for testimony merely impeaching.

No error appearing in the record, an affirmance must be ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the admission of a written statement made by Noah Lairemore when a witness before the grand jury which found the indictment. If we understand the testimony of grand juror Waddell, who was introduced as a witness for the defense, its effect was to place before the trial jury the fact that said Lairemore when before the grand jury had testified that he did not see any still in operation, and did not see appellant and Hughey making liquor on appellant's place on the occasion in question. When Waddell was placed on the witness stand Lattimore had already sworn for the State that he was present on appellant's place about March 15, 1922, and saw appellant and the Hughey boys making whisky. Waddell's testimony related to a statement made by one of the Lairemore boys and in effect his testimony was that the statement was made by Noah when before the grand jury, which statement contradicted his testimony as given on the trial. The defense having thus sought to impeach or contradict the witness Lairemore by proving a statement made by him at another time and place variant from the one made by him while a witness in the case on trial, the rule applied that said witness might be sustained by proof of other statements consistent with his testimony as given on the trial.

In our opinion the statement of Lairemore might have been proven and introduced for the further reason that it contradicts Waddell's statement as to what the witness swore when before the grand jury, and makes it reasonably plain that Waddell did not refer to Noah in his statement that one of the Lairemore boys swore before the grand jury that he did not see the still in operation. The written statement of Noah Lairemore before the grand jury of which Waddell was a member and which returned the indictment in this case, was shown by the testimony of the district attorney to have been made by said witness when before the grand jury, to have been then signed by the witness and sworn to before the foreman of the grand jury. The district attorney testified to these facts. We think the written statement was sufficiently proven up, and that it was admissible in evidence for the reasons here stated and those given in the original opinion.

The only other matter complained of in the original motion for rehearing was correctly decided against appellant in our former opinion and needs no further discussion.

The complaints evidenced by appellant's supplement to his motion for rehearing, if meritorious, should have been presented to the trial

court before the change of venue was acted upon.   Art. 630, C. C. P. They relate wholly to an alleged variance between the number of a case as returned by the grand jury and the number of a case as transferred from the district court of the county in which the indictment was returned to the district court in which the case was tried., Not having been called to the attention of the trial court before the change of venue was made, the complaint is now too late under the authorities collated by Mr. Vernon under the article of our procedure last mentioned.

The motion for rehearing will be overruled.