## In Re Francis McKinney.

(*July* 15, 1927.)

Pennewill, C. J., and Rodney, J., sitting.

*Henry R. Isaacs* for petitioner.

*Clarence A. Southerland*, Attorney-General, for the State.

Superior Court for New Castle County, May Term, 1927.

PENNEWILL, C. J., delivering the opinion of the Court:

The pardoning power is given by *article* 7 of the Constitution of the State, and is in the following language:

"Section 1. The Governor shall have power to remit fines and forfeitures and to grant reprieves, commutations of sentence and pardons, except in cases of impeachment; but no pardon or reprieve for more than six months, shall be granted, nor sentence commuted, except upon the recommendation in

writing of a majority of the Board of Pardons after full hearing; and such recommendation, with the reasons therefor, at length, shall be filed and recorded in the office of the Secretary of State, who shall forthwith notify the Governor thereof.

"He shall fully set forth in writing the grounds of all reprives, pardons and remissions, to be entered in the register of his official acts and laid before the General Assembly at its next session."

The right of the pardoning power to attach conditions to the grant of pardon is well settled, and is not controverted.

The petitioner bases his right to be released from custody on the following grounds:

First. That the condition annexed to his grant of pardon was illegal and that by reason thereof the pardon must be construed as absolute, said condition being a condition subsequent and not precedent.

Second. If the condition annexed to the pardon was not illegal, then he was guilty of no misconduct that justified his being returned to the Workhouse.

Third. If the condition attached to the pardon is held to be legal, and it is also held that the petitioner violated the condition, he is nevertheless unjustly detained because he was returned to the Workhouse without authority from the Governor or from any competent court of the State.

According to the authorities the only limitation upon the power of the Governor in granting a conditional pardon is that the condition shall not be illegal, immoral or impossible of performance. *Ruling Case Law*, 552; *Arthur v. Craig*, 48 *Iowa* 264, 265, 30 *Am. Rep.* 395; *State v. Horne*, 52 *Fla.* 125, 42 *So.* 388, 7 *L. R. A. (N. S.)* 719; *Ex parte Houghton*, 49 *Or.* 232, 89 *P.* 801, 9 *L. R. A. (N. S.)* 737, 13 *Ann. Cas.* 1101.

It is equally well settled that:

The "acceptance of a pardon binds the person accepting it to all conditions, limitations and restrictions contained therein that are legal, moral and possible of performance." 20 *R. C. L.* 569.

It is claimed that the conditions attached to the pardon in the present case were illegal and void because their terms are not specific, and not stated on the face of the paper.

The contention of the petitioner, as to how the conditions

should be set out, is illustrated by the leading case of *Arthur v. Craig, supra,* in which the conditions were clearly and legally specified by the pardoning power, as follows:

"This pardon is granted upon the following conditions, and acceptance and release under this instrument shall be an acceptance of each and all of such conditions viz.:

"First, said R. D. Arthur shall during the remainder of his term of his sentence refrain from use of intoxicating liquors as a beverage.

"Second, he shall, during that time, use all proper exertion for the support of his mother and sister;

"Third, he shall not, during said time, be convicted of any offense against any of the criminal laws of the State. Should said Arthur violate either of these conditions he shall be liable to summary arrest upon the warrant of the Governor of the State for the time being, whose judgment shall be conclusive as to the sufficiency of the proof of the violation of the first and second conditions, and to be confined in the penitentiary of the State for the remainder of the term of his sentence, and this instrument to be summarily revoked."

It is insisted that the conditions must be as clear and specific as in that case, and "that it is impossible to read the terms of the McKinney pardon and procure from such reading any definite understanding as to what is required of McKinney as a condition annexed to his release, and upon the violation of which the pardon will be revoked; that in so far as character and substance are to be found in the condition they can only be discovered as the result of the intervention of the judgment of James W. Robertson, the probation officer referred to in the pardon, and in whom the pardoning power in no wise rests."

It is further claimed that the condition is illegal because it undertakes to delegate to another a power which the Governor of the State alone could wield.

It is argued that:

"Under the terms of the so-called condition, as it appears in the grant of pardon, it is James W. Robertson, or his successor, who shall set the requirements of conduct expected of the prisoner, and for failure to meet in every way the requirements of the probation officer, the prisoner is to be returned to the workhouse to serve out the remainder of the twenty-five year sentence."

It may be that the conditions attached to the pardon were illegal in the sense that they were not as clear, definite and specific as the law requires. No one could tell from the face of the paper what particular acts would defeat the pardon, any further than

that the prisoner should report monthly to the probation officer, or his successor, for five years, and meet in every way the requirements of the probation officers. There is no indication otherwise of what the requirements would be. They were absolutely in the discretion of the probation officer, and might change at any time at the whim of such officer whoever it might be. It does not seem unreasonable to require that the conditions attached to a pardon should be so definite and specific as to inform the person pardoned of what would be required. *Com. v. Fowler*, 4 *Call (Va.)* 35; *Lee v. Murphy*, 22 *Grat. (Va.)* 789, 12 *Am. Rep.* 563, 567; *Com. v. Haggerty*, 4 *Brewst. (Pa.)* 326; 111 *Am. St. Rep.* 110; *Ex parte Reno*, 66 *Mo.* 266, 27 *Am. Rep.* 337, 342.

There is authority for the petitioner's contention, that where the pardon is granted on a condition precedent, and the condition upon which it is granted is void in its nature, the pardon · is also void and of no force whatever; but where the pardon is granted on a condition subsequent, and the condition is void, the pardon becomes operative in the same manner as though it were unconditional. *Ruling Case Law*, 552; 7 *Ann. Cas.* 92; *State v. McIntire*, 46 *N. C.* 1, 59 *Am. Dec.* 566; *Com. v. Hatsfield*, 1 *Clark (Pa.)* 177, 2 *Pa. Law J.* 36; *State v. Smith*, 1 *Bailey (S. C.)* 283, 19 *Am. Dec.* 679; *Taylor v. State*, 41 *Tex. Cr. R.* 148, 51 *S. W.* 1106.

In a note appearing in 111 *Am. St. Rep.* at *page* 111, reference is made to the case of *People v. Potter*, 1 *Edm. Sel. Cas.* 235, wherein it is said:

"No doubt if the conditions of the pardon are immoral, impossible or illegal, they are void, and render the pardon at once absolute."

But as already stated, the petitioner also claims that the condition attached to the pardon is illegal and void, because it undertakes to delegate to another a constitutional power which the Governor of the State alone can exercise.

There can be no doubt that the power of the Governor to grant a pardon cannot be delegated to, or shared with, another person or official. This is not denied. It must be as free from doubt that in case of such delegation the attempted act is void and of no effect. The question we are now considering is, not whether the

condition imposed in the pardon was illegal and void because it was unjust, uncertain, indefinite or incapable of being ascertained from the paper itself, but whether the Governor attempted to delegate to the probation officer a part of a constitutional power conferred on him alone. That is the first question to be determined. If there was an attempted delegation of such power in this case, the act was void, and the effect the same as though no pardon had been granted at all.

Was the purported pardon of McKinney an attempted delegation of the power vested by the Constitution in the Governor?

The pardon was granted on the following conditions:

First. That McKenney should report to the Probation Officer monthly for five years.

Second. That he should do, during the five years, everything such officer should require him to do.

Manifestly, the real conditions were the requirements imposed by the probation officer, the nonobservance of which would nullify the pardon.

In a conditional pardon the conditions, a breach of which would defeat the pardon, are essential parts of the pardon, and they should be clearly stated by the pardoning power in granting the pardon, and not delegated to another for ascertainment and requirement. If this is not done the attempted pardon is unconstitutional and void.

The Governor had a right to impose the condition that McKinney should report monthly to the probation officer; that requirement was clear, and it was justified because the pardoning power must have some way of ascertaining whether the conditions imposed have been broken. But the conditions, which are a part of the pardon, and a breach of which would defeat it, must be ascertained and stated by the pardoning power itself, and not by some one else to whom the power is sought to be delegated. Certainly, a conditional pardon does not mean that some one other than the Governor shall prescribe what the conditions shall be.

In view of this conclusion on this point, it is immaterial whether the conditions annexed to the pardon in this case were

conditions precedent or subsequent, and it is unnecessary to decide whether the petitioner in fact violated the condition. It is likewise unnecessary for the Court to determine whether the Governor is the sole judge as to whether any condition attached to the pardon has, in fact, been violated, and whether he has the power, in case of violation, of summarily ordering the convict's recommitment to the prison to serve the remainder of his term.

■ Having concluded that the pardon granted in this case was, for the reasons stated, unconstitutional and void, the Court are constrained to refuse the petitioner's application for release from custody. He was recommitted to the Workhouse by direction of the probation officer, without authority the petitioner claims, but no matter how he was recommitted, the fact is he is now in the Workhouse, and must be considered as serving the residue of his term therein.

Opinion of RODNEY, J.:

I entirely concur that the prisoner's petition to be discharged must be denied. Having arrived at this result upon considerations somewhat different from those adopted by the Chief Justice, it may not be inappropriate to indicate the reasons leading me to the same conclusion.

The facts in the case have been fully detailed. Attached to the conditional pardon is its acceptance, signed by McKinney, in these words:

"I Francis McKinney, hereby accept the provisions set forth in the foregoing conditional pardon with all the conditions thereto."

The sole question in this case, as I see it, is involved in the first contention of the petitioner. He contends that the condition annexed to the grant of pardon was illegal and, therefore, that the pardon is to be construed as absolute and unqualified. I can readily concede that the conditions attached to the pardon are invalid, but cannot agree that the invalidity of the conditions establishes the pardon as absolute and unconditional.

That a conditional pardon may be granted seems to be so well established by all the authorities as to need no citations. The

right to grant a pardon inherently carries with it the right to impose reasonable conditions thereon, the only limitations being that the conditions imposed shall not be illegal, immoral or impossible of performance.

It is not the right of the Governor to grant a conditional pardon that is here questioned for such right can be fully supported. The question here presented is the power of the Governor to delegate to another, viz., the probation officer, the right to impose conditions annexed to a pardon. The pardon in question provided for the liberty of the petitioner "provided his conduct shall meet in every way the requirements of the Probation Officers." This condition of the pardon is open to the objection that it is the person who may be probation officer during the five years next ensuing the date of the pardon, and not the Governor, who shall set the requirements of conduct expected of a prisoner.

A conditional pardon should in itself contain the requirements demanded of the pardoned person so that from an inspection of the pardon itself it may be readily ascertained what acts would nullify it. The pardon here considered contains no specification of any conditions upon the breach of which the pardon itself would become nugatory. It allows the conditions or requirements to be set "in futuro" by the probation officer.

The consitutional provision quoted by the Chief Justice vests in the Governor, and in the Governor alone, the power to pardon. This includes the power in him, and in him alone, to determine the conditions of a conditional pardon. Because the purported pardon in this case attempted to vest in another a constitutional power reposed in the Governor alone it was, in my opinion, an invalid delegation of a constitutional power and, therefore, ineffective.

From this the petitioner argues that it is only the condition that is illegal and void, and, with the illegal or void conditions removed, the pardon remains as absolute; that the illegality did not attach to the pardon which the Governor clearly had the right to grant, but only to the conditions, so that the pardon becomes unconditional. The industry of the petitioner's counsel has produced a number of authorities to support his contention: 20 R. C. L. 552;

7 *Ann. Cas.* 92; *Com. v. Fowler*, 4 *Call* (*Va.*) 35; *Lee v. Murphy*, 22 *Grat.* (*Va.*) 789, 12 *Am. Rep.* 563.

The conclusion that because, in this case, the conditions are invalid the pardon then becomes absolute is in my opinion based upon a misconception of the nature of this conditional pardon.

A conditional pardon, besides being an act of grace, is in the nature of an agreement between the pardoning power and the person pardoned, by which the pardon cannot become effective without the consent of the offender and the acceptance of the conditions imposed; he may refuse the conditions and prefer to serve his sentence (*Smith's Case*, 1 *Bailey* [*S. C.*] 283, 19 *Am. Dec.* 679; *Wilson's Case*, 7 *Pet.* 156, 8 *L. Ed.* 640). A conditional pardon is in some respects analogous to an agreement or contract, and there must have been a meeting of the minds of the Governor and McKinney, both as to fact of a pardon and of the terms upon which it was to be granted. The pardon and conditions were each a part of one entire understanding. One cannot exist without the other for the removal of one must necessarily withdraw the basis and consideration of the agreement of the parties. In this present case the terms of the agreement between the Governor and McKinney upon which their minds met, and which constituted the agreement between them, are shown by the express terms of the conditional pardon and the express written acceptance of these terms by McKinney. No other conditions were agreed to and the pardon was only issued upon the offer and acceptance of those conditions.

It has been already shown the conditions in this case are invalid as being an unwarranted delegation of constitutional power and, therefore, no conditional pardon based upon these conditions could have been agreed upon by the Governor and McKinney. Assuredly no absolute pardon, one without any conditions, was agreed upon and I am of the opinion that the conditions being invalid, the pardon itself was invalid.

In *Canadian Prisoner's Case*, 5 *M. & W.* 32, at *page* 49 (151 *Eng. Reprint* 22), Lord Abinger said:

"If the condition upon which alone the pardon was granted be void, the pardon must also be void."

In *People v. Potter*, 1 *Parker Cr. R.* (*N. Y.*) 47 at *page* 60, the Court, after a review of many cases, lays down certain fixed principles which include:

(1) That the pardon cannot stand upon any supposition which annuls the power to impose the condition.

(2) That if the condition upon which alone the pardon was granted be void, the pardon must also be void. The Court said:

"I repeat, all the authorities, ancient and modern, in England and in this country, sustain these positions, and I know of no principle which would authorize me to disregard them."

In *Com. v. Haggerty*, 4 *Brewst.* (*Pa.*) 326, it was argued for the prisoner that the purported conditional pardon must be an absolute one because the Governor had no power to grant a conditional pardon. The Court sustained the power to grant a conditional pardon, but said:

"But here again, if the defendant's argument were sustained by us, it would not avail him, for a void condition would nullify the pardon."

We are asked to construe the present pardon, conditional on its face, as an absolute pardon. This I cannot do. In many states the pardoning power is vested absolutely in the Governor. This is not true in Delaware. The pardoning power in Delaware is, as has been seen, vested by *article* 7 of the Constitution, *supra*, in the Governor, but that article provides:

"But no pardon, or reprieve for more than six months, shall be granted, nor sentence commuted, except upon the recommendation in writing of a majority of the Board of Pardons after full hearing.  *  *  *"

No absolute pardon was recommended by the Board of Pardons for McKinney, but the recommendation in this case was expressly for a conditional pardon. The recommendation by the Board of Pardons for an absolute pardon would, of course, constitute a sure foundation for an absolute pardon by the Governor; a recommendation by the Board for an absolute pardon might constitute a sound basis for a conditional pardon by the Governor, for the greater might necessarily include the less. In my opinion,

in view of the constitutional provision, an absolute pardon cannot properly be based upon a conditional recommendation.

Where the Constitution says "no pardon * * * shall be granted * * * except upon the recommendation in writing of a majority of the Board of Pardons," it means that the pardon shall be based upon the recommendation or issued pursuant to it and I do not think an absolute pardon is based upon or issued pursuant to a conditional recommendation.

In Pennsylvania the constitutional pardoning power is almost identical with our own and requires a recommendation by the Board of Pardons. Smither's and Thorn's "Executive Clemency in Pennsylvania," at page 94, treats of this recommendation:

"Where there are grounds for imposing conditions the recommendation should clearly express them and their restraining effect cannot be overcome. As the Governor cannot grant pardon or commutation without a recommendation he logically is bound by any conditions attached to it."

And again:

"As a pardon may be conditional the Board has a right to impose a condition precedent to recommendation or attach to the recommendation itself any condition that is 'possible, moral and legal.'. The restriction clearly is binding upon the executive, but the conditions may be withdrawn or a later absolving recommendation made. These powers are inherent incidents of the constitutional provision and are also supported by many actual cases."

I, of course, cannot construe the conditional pardon in this case as an effective absolute one when I believe that an absolute pardon would have been invalid if actually and intentionally given.

I am of the opinion that the pardon was invalid and that McKinney is now detained upon his original sentence and commitment and, therefore, the petition must be denied.