261 So.2d 68

**Ex parte Terrell H. LINDSEY.**

**3 Div. 141.**

Court of Criminal Appeals of Alabama.

April 11, 1972.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

ALMON, Judge.

Terrell H. Lindsey presented this Court with an original petition for a writ of ha-

beas corpus after having been denied relief in the Circuit Court of Montgomery County.

The petition alleges that on July 23, 1970, he was sentenced to serve a total of eight hundred and fifty-two days in the Montgomery City Jail for disorderly conduct, assault and battery, and drunkenness. On November 10, 1970, he was released to go to the Veterans Hospital in Tuscaloosa. On December 10, 1970, he returned to Montgomery but was not confined to jail. He was arrested on December 14, 1970, for drunkenness and sentenced to five days in jail. On December 29, 1970, he was arrested for disorderly conduct and sentenced to ten days in jail. While serving the ten day sentence the charges of July 23, 1970, were reinstated. On December 7, 1971, he was again released to go to the Veterans Hospital in Tuscaloosa. He failed to go and was returned to jail on December 10, 1971, to complete the remainder of his sentence of July 23, 1970.

He contends his release on November 10, 1970, to be sent to the Veterans Hospital in Tuscaloosa amounted to a pardon. The release is attached as an exhibit to the petition and is merely a directive to the jailer signed by the clerk of the court. There is nothing in the petition nor in any of the exhibits to indicate that this action was authorized by any of the city recorders.

 While the record is unclear as to why petitioner was not incarcerated immediately upon his return from Tuscaloosa, we do not think this should be construed as a pardon.

Tit. 37, § 599, Code of Alabama, 1940, recompiled 1958, authorizes the mayor of a municipality to grant pardons. This statute however is silent as to the mayor's right to delegate this pardoning power. Furthermore, there is no evidence before this Court which would indicate that the mayor even attempted to delegate this authority.

Traditionally, pardoning powers have resided in the executive branch of government; sometimes it has resided in the legislative branch. Regardless of where the power lies, it has always been held to be nondelegable. In re McKinney, 3 W.W.Harr. 434, 138 A. 649; In re St. Amour, 127 Vt. 576, 252 A. 667; People ex rel. Milburn v. Nierstheimer, 401 Ill. 465, 82 N.E.2d 438, cert. denied Milburn v. Nierstheimer, 355 U.S. 904, 69 S.Ct. 402, 93 L.Ed. 438.

Even conceding arguendo there was an attempted pardon we are of the opinion that the mayor's pardoning authority cannot be delegated to a city recorder.

Petition denied.

PRICE, P. J., and CATES and TYSON, JJ., concur.